IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BILLY N. HAMMOCK, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:13-cv-350 (CDL) |
| ARCHBISHOP JOHNSON, et al. | * |
| Defendants. | * |

O R D E R

On August 13, 2013, Plaintiff's Complaint was dismissed because Plaintiff had accumulated three strikes under 28 U.S.C. § 1915(g) and had failed to allege that he was in imminent danger of serious physical injury. (Order 2, Aug. 13, 2013, ECF No. 6.) Judgment was entered that same day for the Defendants. (Judgment 1, ECF No. 7.) Thereafter, Plaintiff filed two motions (ECF Nos. 9, 10). The Magistrate Judge explained in a text-only order that Plaintiff's Complaint had been dismissed and that his post-judgment motions were denied as moot. (Text-only Order, Aug. 18, 2013.)

Plaintiff filed three more motions in early September (ECF Nos. 11-13.) The Magistrate Judge again denied these motions describing them as "rambling and almost incoherent" and "seeking relief that cannot be granted by this Court." (Text-only Order, Sept. 11, 2013.) At that time, the Magistrate Judge explained

that any "similar subsequently filed motions shall be summarily denied." (*Id.*)  This warning did not prevent Plaintiff from continuing his pattern of frivolous filing.  On September 27, 2013, two more motions were docketed.  These motions are similarly rambling and unintelligible and were summarily denied by the Magistrate Judge on September 30, 2013.

Plaintiff has now filed an additional frivolous motion seeking relief which cannot be granted by this Court.  Such motion is denied for the same reasons previously explained to Plaintiff.  Furthermore, Plaintiff's pattern of frivolous filings is an abuse of the judicial process which shall not be allowed to continue.  In devising the appropriate remedy to address the problem, the Court understands that it must give substantial weight to a prisoner's right of access to the Courts.  *Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam); *see also Miller v. Donald,* 541 F.3d 1091, 1096 (11th Cir. 2008).  But that right "is neither absolute nor unconditional."  *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 517 (11th Cir. 1991) (internal quotation marks and citation omitted).  Although Courts may not construct blanket orders that completely shut the courthouse doors to the overly litigious, they may erect reasonable barriers that protect their Article III duties.  *Miller,* 541 F.3d at 1096-97.  One such reasonable barrier approved in this Circuit under certain circumstances is

prefiling screening by a judge. *Cofield,* 936 F.2d at 518. The Court finds that this is an appropriate restriction here. Accordingly, prior to filing any future motions in this case, Plaintiff shall submit the proposed motion to Magistrate Judge Stephen Hyles who shall review it and decide whether it presents a legitimate claim for relief. If it does not, Judge Hyles may order that it not be accepted for filing. Any future motion filed without such permission shall not be accepted for filing and will not be ruled upon.

    IT IS SO ORDERED, this 21st day of October, 2013.

                                    s/Clay D. Land
                                      CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE